UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL COOK, JOSEPH HOLMES, CORTNEY JONES, OLIVIA JONES, and TRISTAN SUMPTER, <br><br> Plaintiffs, <br><br> v. <br><br> GOLUB & COMPANY REALTY, LLC, and GOLUB & COMPANY, LLC, <br><br> Defendants. | 22 C 3237 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This case involves employment claims from five individual Plaintiffs against Defendants Golub & Company Realty, LLC and Golub & Company, LLC (collectively, "Golub" or "Defendants"). All five Plaintiffs allege violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, in the form of race and color discrimination, retaliation, hostile work environment, and disparate treatment on the bases of race and color. Plaintiffs each bring additional claims for violations of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, and retaliatory discharge under Illinois common law.

Before the Court is Defendants' Motion to Sever Plaintiffs' Claims for Improper Joinder under Federal Rule of Civil Procedure 21, in which Defendants ask the Court

to sever Plaintiffs' claims into separate actions. Defendants argue that Plaintiffs' claims do not arise out of the same transaction or occurrence and involve separate and distinct conduct. Defendants also assert that the common legal theories between Plaintiffs' claims alone do not create common issues of law or fact. Defendants further contend that allowing Plaintiffs to remain joined will result in prejudice to Defendants and will negatively impact judicial economy because different witnesses and documentary proof is required for each Plaintiff.

For the reasons set forth below, Defendants' motion is granted-in-part and denied-in-part.

## BACKGROUND

For purposes of this motion, the Court assumes the truth of Plaintiffs' allegations in the complaint as set forth below.

### *Allegations common to all counts*

Defendants are leaders in real estate development, acquisitions, investment financing, asset and property management, leasing, and real estate advisory services. Golub owns, manages, and/or leases several buildings in the Chicago area, including without limitation, 1001 South State Street, Chicago, IL ("1001 South State") and 2851 South King Drive, Chicago, IL ("Prairie Shores"). Plaintiffs are African American former employees or independent contractors of Golub. During their employment with Golub, Plaintiffs were subjected to routine employment discrimination on the bases of race and color, and were retaliated against for reporting discriminatory practices.

Golub routinely failed to train African Americans, including Plaintiffs, and subjected them to higher standards than non-African American employees. Golub also failed to apprise African American employees of internal policies and then arbitrarily took disciplinary action up to and including termination based on those employees' failure to comply with said policies. Golub routinely asked Plaintiffs to deal with all issues related to minority residents and prospective residents while employees and contractors of other races were not limited to any particular race.

Golub subjected African American employees and contractors, including Plaintiffs, to varying forms of discrimination, including verbal threats of retaliation, disparate treatment of employees at buildings staffed with African American workers, unequal enforcement of non-fraternization policies, and arbitrary termination policies.

In or around the summer of 2020, Golub began systematically terminating African American employees and contractors for either minor or fabricated reasons. To "paper" its illegal practice of phasing out its African American employees, Defendants began hiring Caucasian employees – with less relevant experience – to replace Plaintiffs. Golub's Caucasian employees regularly delivered severely deficient work product; however, Caucasian employees retained their positions and enjoyed increased responsibilities over time. Once Golub began terminating African American employees and contractors, the remaining African American employees and contractors observed a sharp decrease in clients as Golub sent new clients to Caucasian employees.

*Allegations of Angel Cook*

Plaintiff Cook was an independent contractor for Defendants since September 28, 2019, at the 1001 South State property. Prior to her independent contractor role with Defendants, Cook submitted an application to live at the 1001 South State property but was denied because of her income and credit. Subsequently, Plaintiff Cook applied for residence with Defendants again with a co-signer and was approved.

Cook alleges that during her time as an independent contractor, her potential clients and applicants for the 1001 South State property were subjected to additional scrutiny and questioning that Caucasian applicants were not. Cook also alleges that she was a stellar leasing agent but subjected to a higher level of scrutiny and that Defendants gave preference to Caucasian leasing agents and applicants.

On October 5, 2020, Plaintiff Cook received a cease-and-desist correspondence from Defendants regarding her interaction with a resident at the property where Cook was being verbally abusive and acting in an aggressive manner towards the resident. The cease-and-desist also terminated Cook's Non-Exclusive Broker Referral Agreement, which ended Cook's independent contractor relationship with Defendants.

*Allegations of Joseph Holmes*

Plaintiff Holmes was an employee of Titan Security and worked front desk security at the 1001 South State property. On July 1, 2020, a resident held an unauthorized party in the building. Holmes tried every effort to stop the party but was not given proper direction for how to do so from his supervisor. Holmes was terminated

4

the following day for failing to stop the party. Holmes alleges he was subject to discriminatory employment practices and treated differently because he was African American.

### *Allegations of Cortney Jones*

Plaintiff Cortney Jones ("Cortney") began working for Defendants in April 2019 as a leasing agent for the 1001 South State property. In November 2019, Cortney approved a resident to use the rooftop of the property for a small party, three people, which did not require authorization from Defendants. The party ended up being larger than the resident represented and Cortney had to stop the gathering because of the number of people. Cortney believes that, after this, Defendants began monitoring his keycard access and accused him of selling rooftop access.

In March 2020, Cortney visited a friend at the 1001 South State property. Defendants had in place a non-fraternization policy for employees and residents, but Cortney was never informed of that policy. On June 17, 2020, Cortney was terminated from his employment for violating the non-fraternization policy in March 2020.

### *Allegations of Tristan Sumpter*

Plaintiff Tristan Sumpter alleges that he began working for Defendants in April 2019 as a leasing consultant for the 1001 South State property. According to Sumpter, he would make mistakes while working and Defendants would overly criticize his performance for it. Supervisors were regularly directed to monitor and micromanage

Sumpter. Management also scheduled him for more tours than could be completed during a work day and then criticized him for not allotting his time better.

In January 2020 Sumpter allegedly filed a Charge of Discrimination, separate from the claims asserted in the instant matter, with the EEOC alleging discrimination based on race and color but did not pursue the case to completion. After filing the charge, Sumpter attempted to speak with human resources personnel about the way he was being treated at work but was called a liar.

In late Summer 2020, Sumpter took FMLA leave time after the birth of his child and was allegedly told that men should not need as much time as women for parental leave. On September 23, 2020, Sumpter was terminated for allegedly promoting himself as a broker for Defendants and violating the non-fraternization policy.

### *Allegations of Olivia Jones*

Plaintiff Olivia Jones ("Olivia") began working for Defendants in November 2018 as a property coordinator at Defendants' Block Thirty-Seven property and later as a floating leasing consultant for multiple Golub properties. According to Olivia, she was overworked in her position and began to look for other employment but was stopped by Defendants when they told a prospective employer that she was subject to a fabricated non-compete clause.

In March 2020, Olivia changed locations and job titles with Defendants to the Prairie Shores property and worked as an assistant property manager. Her manager routinely harassed Olivia and other African American employees regarding the way

6

they spoke and dressed and set arbitrary professionalism standards based on personal preference rather than Golub policy. Olivia reported the manager's behavior to Golub's regional manager, who stated she had received similar complaints in the past, yet no actions were ever taken to address the discriminatory behavior.

On March 17, 2020, Olivia allegedly contracted strep throat and requested time off through Defendants' COVID-19 policy, but the request was denied, and Defendants asked for a doctor's note by an arbitrary deadline. However, due to a delay with her doctor's office, Olivia did not submit a note by the that deadline. According to Olivia, she was subsequently terminated on August 4, 2020, for failing to submit the requested doctor's note before the deadline.

## LEGAL STANDARD

Under Rule 20(a), multiple plaintiffs may be joined in one action if (a) the plaintiffs assert "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (b) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). In considering this two-part test, courts generally employ a case-by-case approach to decide if claims should be joined under Rule 20, keeping in mind the Rule's purpose "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (citation omitted). "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties;

7

joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966); *see also Mayer Paving & Asphalt Co. v. Gen. Dynamics Corp.*, 486 F.2d 763, 771 (7th Cir. 1973) (citation omitted).

Under Rule 21, a court may sever a misjoined claim or a party at any time during a lawsuit. *See* Fed. R. Civ. P. 21; *Lozada v. City of Chi.*, 2010 WL 3487952, at *2 (N.D. Ill. 2010). Although Rule 21 does not set forth a standard for proper joinder, courts have applied Rule 20(a)'s permissive joinder requirements. *Id.* Even if plaintiffs satisfy the requirements for permissive joinder under Rule 20(a), the court has discretion to sever a party at any time "separately if doing so will increase judicial economy and avoid prejudice to the litigants." *Purzel Video GmbH v. Does 1–84*, 2013 WL 4478903, at *5 (N.D. Ill. 2013); *see also* Fed. R. Civ. P. 21.

## DISCUSSION

The primary issue before the Court is whether Plaintiffs' claims "aris[e] out of the same transaction [or] occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Although the federal rules do not define transaction or occurrence, courts in this district have adopted a "logical relationship" test. *See McDaniel v. Chi. Police Dep't*, 2022 WL 2316231, at *2 (N.D. Ill. 2022) (collecting cases).

In considering whether claims arise out of the same transaction or occurrence in employment discrimination cases, courts consider a variety of factors including "[whether] the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions,

8

whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is a geographical proximity between the discriminatory actions." *O'Sullivan v. City of Chi.*, 2007 WL 671040, at *9 (N.D. Ill. 2007) (cleaned up); *see also Berry v. Ill. Dep't of Hum. Servs.*, 2001 WL 111035, at *17 (N.D. Ill. 2001); *Lozada*, 2010 WL 3487952, at *2 (factors include "whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy[.]") (cleaned up). When the plaintiffs' claims require "individual fact finding and discovery," "different witnesses and testimony," and "separate questions . . . to answer," they generally do not constitute the same transaction or occurrence and cannot be joined. *See Martinez v. Haleas*, 2010 WL 1337555, at *4 (N.D. Ill. 2010).

Defendants argue there is no reasonable reading of Plaintiffs' complaint that would find Plaintiffs' claims arose from the same series of transactions or occurrences, because Plaintiffs were terminated at separate times, under separate conditions, and for different reasons. Defendants also point out that two of the five plaintiffs were never employees of Golub—Plaintiff Holmes alleges he worked for Golub as an independent contractor through his employment with a different company, and Plaintiff Cook alleges she worked for Golub as an independent contractor.

Plaintiffs accuse Defendants of ignoring the 23 paragraphs of facts common to all Plaintiffs. But these common facts are essentially broad, conclusory allegations of

9

a company-wide discrimination policy. This, by itself, is not enough to satisfy Rule 20(a).

### *Plaintiffs Cook, Holmes, Sumpter, and Cortney Jones*

Defendants contend that Plaintiffs' cases arise under separate and unrelated factual scenarios. However, application of the numerous factors favors keeping these four Plaintiffs' claims together, at least at this early stage of the case. Plaintiffs Cook, Holmes, Sumpter, and Cortney Jones worked at the same Golub property and the alleged discriminatory acts took place over the same time period (2019 and 2020). A reading of the complaint suggests that these Plaintiffs' claims involve, in some way, the same supervisors or Golub employees. These Plaintiffs were all subjected to the same adverse employment action—termination. While the facts leading up to and the proffered reasons for Plaintiffs' terminations are different, Plaintiffs' claims are all based in part on an alleged widespread policy, practice, or culture of discrimination— Plaintiffs were separately subjected to discrimination through the same type of discriminatory actions by Golub management. In other words, these Plaintiffs allege "discrimination during the same general time period, allege the same type of adverse employment actions, allege the same type of discrimination (race), and appear generally to accuse the same set of supervisors at the same work location, all factors favoring joinder." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002).

As for the second prong of Rule 20(a)(1), questions of law and fact common to the Plaintiffs will arise in this action. As noted above, Plaintiffs allege that their

10

discharges were racially motivated, and the legal claims are the same.[1] They all allege Defendants' discriminatory conduct amounts to a hostile work environment, and they were each retaliated against after complaining of discrimination. Likewise, the legal defenses will be similar. Common questions of fact regarding the timing and motivation of the discharges, and the actions of the common actors, will arise. *See Espinoza v. Buncich*, 2011 WL 5980761, at *3 (N.D. Ind. 2011).

"Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper." *Hawkins*, 210 F.R.D. at 230. At this point, the potential prejudice to Defendants is somewhat speculative, and thus outweighed by the fact that judicial economy is likely also served by allowing these four Plaintiffs to remain joined. Individual suits would call for overlapping discovery, such as multiple depositions of the same Golub employees, and duplicative judicial effort. The Court therefore declines to sever the claims of these four Plaintiffs at this time.

That said, this motion is denied without prejudice, and, as facts develop, Defendants may again move to sever if appropriate. Alternatively, should discovery fail to establish that the claims are properly joined, Defendants can move for separate trials pursuant to Rule 42(b). *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid

---

[1] The Court notes, however, that Plaintiffs Holmes and Cook explicitly allege they were independent contractors, and independent contractors are not protected by Title VII. *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). As Plaintiffs will be required to file an amended complaint to remove the claims of Plaintiff Olivia Jones, the Court strongly encourages Plaintiffs to carefully consider the propriety of any Title VII claim with respect to Plaintiffs Holmes and Cook.

prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

### *Plaintiff Olivia Jones*

Plaintiff Olivia Jones's claims, on the other hand, have virtually nothing in common with the other Plaintiffs' claims, save for the same general allegations of a culture of discrimination. Olivia Jones worked at a different property and had different supervisors—there are no common actors. Defendants' alleged discriminatory conduct is markedly different than that alleged in the other Plaintiffs' claims. Olivia's allegations relate to her workload, interference with her acceptance of a different position, her supervisor's standards based on personal preferences, and denials of requests for time off for health reasons. Olivia's claims do not arise from the same series of transactions or occurrences as the other Plaintiffs' claims and joinder of her claims is improper.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to sever [23] is granted with respect to Plaintiff Olivia Jones but denied with respect to Plaintiffs Angel Cook, Joseph Holmes, Cortney Jones, and Tristan Sumpter. Plaintiff Olivia Jones is dismissed from this action without prejudice as improperly joined. She is given leave to file a separate action and proceed separately. The four remaining Plaintiffs shall file an amended complaint by November 16, 2023. Telephonic status hearing is set for November 21, 2023 at 10:20 a.m. It is so ordered.

Dated: November 2, 2023

_____
Charles P. Kocoras
United States District Judge